**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafael MOLINA–MARTINEZ,**
**Defendant–Appellant.**

**No. 11–10092.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed Feb. 22, 2012.

Dillon Fishman, Esquire, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. Appellant P. 34(a)(2).

Mark Willimann, Tucson, AZ, for Defendant–Appellant.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Rafael Molina–Martinez appeals from the 57–month sentence imposed following his jury-trial conviction for reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Molina–Martinez contends that the district court erred when it applied a 16–level enhancement, under U.S.S.G. § 2L1.2, because his prior conviction for lewd or lascivious acts with a child under 14 years of age, in violation of Cal.Penal Code § 288(a), does not qualify as a crime of violence. He contends that *United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999), holding that a violation of Cal.Penal Code § 288(a) is categorically a crime of violence, is inconsistent with *Johnson v. United States,* —— U.S. ——, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). This contention lacks merit. *See United States v. Orozco–Acosta,* 607 F.3d 1156, 1166 (9th Cir.2010) (citing *United States v. Medina–Villa,* 567 F.3d 507 (9th Cir.2009)). Accordingly, we decline Molina–Martinez's invitation that we seek en banc review of this issue.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.